**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JIMMIE D. DAVIS,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 03-7009
(D.C. No. 02-CV-15-P)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **O'BRIEN** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's order affirming the Social Security Commissioner's denial of his application for social security disability and supplemental security income benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

Plaintiff filed his benefits applications in October of 1998, alleging disability as of October of 1995 due to fatigue, dizziness, nausea, shortness of breath, right leg cramps, and back pain. Plaintiff is a younger individual, see 20 C.F.R. §§ 1563(c); 416.963(c), with about thirty hours of college education. His past relevant work was primarily as an oil field electrician; he has also done odd jobs.

Following a hearing, the administrative law judge (ALJ) determined, at step five of the sequential disability evaluation, that plaintiff was not disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing sequential evaluation). Specifically, the ALJ determined that plaintiff retains the residual functional capacity (RFC) to perform a wide range of light work, subject to certain limitations, and that occupations exist in the regional or national economy that plaintiff can perform regardless of his impairments. Aplt. App. Vol. 2 at 17. The ALJ further found plaintiff had no medically determinable mental impairments. *Id.* at 18. We review the ALJ's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied

the correct legal standards. *See Watkins v. Barnhart*, No. 03-7046, ___ F.3d___, 2003 WL 22855009, at *1 (10th Cir. Dec. 2, 2003).

The medical evidence reflects that plaintiff was injured in an accident on an off-shore oil rig in 1994. Conservative treatment for this injury proved ineffective, and in October of 1996 he underwent a right L5-S1 laminectomy and discectomy. In March of 1997, his treating physician, Dr. Boone, noted that plaintiff had done well since the surgery, Aplt. App. at 132, had realized "good resolution of his radicular pain," and had reached a point of maximum medical improvement. *Id.* Dr. Boone reported that plaintiff had "good motion strength bilaterally," with "negative neurotensin signs" and nearly complete spinal range of motion. Dr. Boone further noted plaintiff continued to have some mechanical back pain and occasional posterior thigh and calf pain, but that this was of an "intermittent nature." *Id.* at 133. Dr. Boone further rated plaintiff as permanently partially impaired related to the surgically treated disc pathology (10%), with an additional 1% due to disc pathology not addressed surgically. *Id.* Plaintiff was released with the medical recommendation that he "pursue light to light-medium work not to involve a lot of repetitive lifting more than 25 to 30 pounds and to avoid a lot of repetitive bending, stooping, climbing or squatting." *Id.* Dr. Boone further suggested plaintiff avoid "positions which involve a lot of prolonged

standing for more than one hour without [the] ability to rest or change positions."
*Id.*

The ALJ further considered clinical progress notes from 1999, which reflect treatment for chronic back pain, sciatia, somatic dysfunction of the thoracic and lumbar spines. *Id.* at 14; 173-77. The ALJ also considered plaintiff's prescribed and over-the-counter pain medications. *Id.* at 15. Finally, the ALJ indicated he had carefully reviewed each exhibit and had considered plaintiff's subjective complaints of pain under the appropriate criteria. *See id.* at 14-15.

In district court and on appeal, plaintiff generally challenged the Commissioner's decision as neither based on substantial evidence nor issued in accordance with correct legal standards. He further lists several specific issues regarding the ALJ's decision.

First, plaintiff argues the ALJ mistook relevant facts and overlooked relevant evidence. We disagree. To the extent plaintiff claims error in the ALJ's decisional statement that Dr. Boone found the back surgery "achieved good resolution of [plaintiff's] pain," Aplt. Br. at 7-8, the ALJ in fact also quoted directly Dr. Boone's statement that plaintiff had achieved "good resolution of his radicular pain." Aplt. App, Vol. 2 at 14. Plaintiff's further suggestion that Dr. Boone would "see and show the results of the surgery in the most positive

light," Aplt. Br. at 8, is both speculative and unsupported by the record. Plaintiff's challenge to the ALJ's characterization of Dr. Hillboe's 1995 finding of "mildly severe degenerative disc changes" is likewise without merit; in addition, Dr. Hillboe's determination *predates* Dr. Boone's back surgery. Plaintiff's recitation of certain clinical findings and diagnoses not mentioned by the ALJ does not support his claim the ALJ did not consider this evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (holding ALJ must consider all evidence, but need not discuss each piece). Rather, plaintiff is suggesting that this court reweigh the evidence, which, of course, we cannot do. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995) (stating we will not reweigh evidence).

Next, plaintiff contends that ALJ erred by substituting his own medical knowledge for that of plaintiff's physicians and psychologists. Aplt. Br. at 11-15. Within this category, however, plaintiff argues only that the ALJ erred in failing to order a psychological consultative examination and in completing a psychiatric review form himself. We disagree. Even assuming that plaintiff's attorney timely requested a psychological consultative examination, there is nothing in the medical record to suggest the need for such an examination. *See generally Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990) (stating Secretary has broad latitude in ordering consultative examination); *Hawkins v.*

*Chater* , 113 F.3d 1162, 1168 (10th Cir. 1997) (noting consultative examination necessary only when plaintiff presents evidence sufficient to raise suspicion of nonexertional impairment) (citing *Brock v. Chater* , 84 F.3d 726, 728 (5th Cir. 1996)).

Plaintiff further contends that the ALJ failed to support his credibility finding with substantial evidence. Again, we disagree. The ALJ fully considered plaintiff's testimony, particularly that addressing his daily activities. Plaintiff fails to show where in the record there exists contradictory evidence. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater* , 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).

For his fourth issue, plaintiff contends the ALJ failed to meet the burden that shifts from plaintiff to the Commissioner at step five. After the ALJ determined plaintiff could not do his past relevant work, the ALJ utilized the expertise of a vocational expert (VE) to determine whether, given plaintiff's physical limitations and the other relevant factors, plaintiff could nonetheless perform a sufficient range of jobs within the light work category. An ALJ is obligated to propound questions to the VE incorporating the plaintiff's limitations as supported by the evidence. *See Evans v. Chater* , 55 F.3d 530, 532 (10th Cir.

1995) (holding ALJ must include in hypothetical inquiry only impairments supported by record). The questions asked here satisfied this standard.

As his fifth issue, plaintiff contends the ALJ erred by failing to properly develop psychological evidence. Aplt. Br. at 20-22. For the reasons previously stated, this argument is without merit.

Plaintiff next argues that the ALJ erred in "failing to make findings of fact concerning limitations associated with pain or psychological problems." *Id.* at 23. Other than this statement, however, plaintiff makes no argument, nor does he cite error by the ALJ or the district court. And, finally, plaintiff claims this case should be remanded for an immediate award of benefits. Because we uphold the Commissioner's determination, this argument must fail.

We conclude that the Commissioner's decision is amply supported by substantial evidence and that correct legal standards were applied.

AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge