**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JIMMIE D. DAVIS,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 06-7047
(D.C. No. 04-CV-507-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Jimmie D. Davis appeals the district court's order affirming the
Commissioner's denial of his application for Social Security disability and
supplemental security income benefits. We have jurisdiction under 42 U.S.C.
§ 405(g) and 28 U.S.C. § 1291. We affirm.

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

On February 23, 2000, Mr. Davis protectively filed his current application for benefits.[1] He alleged an inability to work due to myalgia, fatigue, dizziness, cognitive dysfunction, depression and anxiety, malfunctioning hands, and severe pain in his lower back, buttocks, legs, and feet. The agency denied his application initially and on reconsideration.

Mr. Davis then received a de novo hearing before an administrative law judge (ALJ), at which Mr. Davis, his wife, and a vocational expert (VE) testified. The ALJ denied Mr. Davis benefits at step five of the applicable five-step sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). At step one, the ALJ concluded that Mr. Davis had not engaged in substantial gainful activity since the beginning of the time frame relevant to this case. At steps two and three, the ALJ determined that Mr. Davis suffered from severe impairments (myalgia and depressive disorder), but concluded that his impairments did not meet or equal any impairment described in the listing of impairments. At step four, the ALJ found that Mr. Davis retained the residual

[1] Mr. Davis protectively filed a previous application for benefits on October 15, 1998. An ALJ denied that application on February 22, 2000, and Mr. Davis unsuccessfully appealed to this Court, *Davis v. Barnhart*, 85 F. App'x 170 (10th Cir. 2004) (unpublished). As a result, the relevant time frame for evaluating the application for benefits at issue in this case is from February 23, 2000, the day after the prior adjudication, through July 25, 2001, the date of the Commissioner's final decision in this case.

functional capacity (RFC) for a wide range of light work, but concluded that he could not return to his past relevant work as an electrician because that work required exertion beyond his RFC. And, at step five, after considering his RFC, age (forty-nine), education (twelfth grade), work experience, the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rules 202.20 and 202.21, and the testimony of the VE, the ALJ denied benefits, concluding that Mr. Davis could perform other work that exists in significant numbers in the national economy.

The Appeals Council denied Mr. Davis's request for review, making the ALJ's decision the Commissioner's final decision. *See Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2006). Mr. Davis then filed a complaint for judicial review in federal district court, and the case was referred to a magistrate judge. Because the magistrate judge determined that the Commissioner's decision was supported by substantial evidence and the Commissioner applied the correct legal standards, she recommended that the district court affirm the denial of benefits. The district court adopted the recommendation, and Mr. Davis appeals.

## II.

Mr. Davis asserts that (1) the district court did not apply the proper standard when ruling on his objection to the magistrate judge's Findings and Recommendations; (2) the ALJ erroneously failed to consider all of the evidence, losing much of it twice; (3) the ALJ erroneously disregarded treating physicians'

diagnoses; (4) the ALJ erroneously ignored objective medical findings; (5) the ALJ failed to meet his burden at step five of the sequential evaluation process; (6) the ALJ's finding regarding his credibility was unsupported and the ALJ failed to evaluate the credibility of his wife's testimony; and (7) the Tenth Circuit should remand for an immediate award of benefits. "We review the [C]ommissioner's decision only to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly." *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

Mr. Davis first contends that the district court did not apply the proper standard when ruling on his objection to the magistrate judge's Findings and Recommendations. We disagree. Although the district court did not explicitly state that it had conducted a de novo review of the magistrate judge's recommendation, "[w]e assume that the district court performed its review function properly in the absence of evidence to the contrary," *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). In this case, the court ultimately based its decision "[u]pon consideration of the entire record and the issues [t]herein," Aplt. App., Vol. I at 52, and we accept this explanation as an adequate indication that the court performed its review function properly.

Mr. Davis next contends that the ALJ did not consider all of the evidence because the file for his previous disability benefits application was lost and that, although many of the documents were replaced by his counsel, they were "lost

-4-

again"; in particular, what he identifies as Exhibits 1F through 7F. Aplt. Opening Br. at 22 (citing Aplt. App., Vol. II at 1-4). Despite Mr. Davis's general assertion that Exhibits 1F through 7F were lost, he specifically references parts of Exhibits 2F and 7F only ("[e]ntries for 12/03/94, 8/27/96, 10/25/96, and 8/26/99"). *See id.* at 23, 25. But these four entries, as the Commissioner makes clear, "are contained" in "the instant administrative transcript." Aplee. Br. at 19 (citing Aplt. App., Vol. II at 150, 136, 133-34, 197). Thus, to the extent that Mr. Davis challenges the omission of material other than the four aforementioned entries, we, like the magistrate judge, are without sufficient information "to determine if they were also included in the record" and "why these records were necessary." Aplt. App., Vol. I at 41. We therefore reject this allegation of error.

Issues three, four, five, and part of six (concerning Mr. Davis's credibility only), come under this court's firm waiver rule. Mr. Davis's objection to the magistrate judge's Findings and Recommendations regarding these issues was conclusory and non-specific: "Claimant re-alleges all issues of Opening Brief [submitted to the district court in support of his complaint for judicial review]. . . . Opening brief is incorporated herein by reference." *Id.*, Vol. I at 45. Such an objection is insufficient. "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *United States v. One Parcel of Real*

*Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (finding general objection "not sufficient to preserve the more specific issues plaintiff attempts to raise on appeal"); Fed. R. Civ. P. 72(b) (requiring a party to file "specific" objections).  While "[t]he waiver rule may be suspended when the interests of justice warrant, or when the aggrieved party makes the onerous showing required to demonstrate plain error," *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006) (citation and quotation omitted), Mr. Davis has offered no justification for invoking either of these exceptions and none affirmatively appears from the circumstances of the record.  We therefore decline to consider issues three, four, five, and that part of six concerning Mr. Davis's credibility.

Thus, we are left with that part of issue six that Mr. Davis did not waive and issue seven.  We address each in turn.

Mr. Davis contends that the ALJ erroneously neglected to evaluate the credibility of his wife's testimony, arguing that she "reveal[ed] substantial limitations of Claimant, including [his] ability to sit, his pain and cramping, his embarrassment over [the] smell he emits, and his daily activities."  Aplt. Opening Br. at 38.  The Commissioner counters that the ALJ was not required to make a written credibility determination regarding Ms. Davis's testimony.  *See* Aplee. Br. at 24 (relying on *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996) (noting that this court has declined "to adopt a rule requiring an ALJ to make specific written

findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony")).  While the ALJ did not explicitly discuss the testimony of Ms. Davis, we do not believe this omission is grounds for remand given the nature of Ms. Davis's testimony, which was largely cumulative of her husband's testimony.  Further, where, as here, the ALJ's decision states and demonstrates that he considered all of the evidence, "our general practice, which we see no reason to depart from here, is to take [the] lower tribunal at its word."  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (stating that an ALJ is not required to discuss every piece of evidence so long as the record demonstrates that he considered all of the evidence).

Finally, Mr. Davis claims that this case should be remanded for an immediate award of benefits.  Because we uphold the Commissioner's determination, this argument must fail.

**III.**

The record contains substantial evidence to support the Commissioner's finding of nondisability and the correct legal standards were applied.  The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-7-